Mathew K. Higbee, Esq., SBN 11158
HIGBEE & ASSOCIATES
1504 Brookhollow Dr., Suite 112
Santa Ana, CA 92705
(714) 617-8325
(714) 597-6729 facsimile
Email: mhigbee@higbeeassociates.com

Attorney for Plaintiff,
CHRISTOPHER SADOWSKI

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA
## LAS VEGAS DIVISION

| | |
|---|---|
| CHRISTOPHER SADOWSKI,<br><br>              Plaintiff,<br><br>v.<br><br>INTERNET SOLUTIONS OF NEVADA INC. d/b/a flyertalk.com; DOES 1 through 10, inclusive,<br>              Defendant. | Case No. _____<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF FROM COPYRIGHT INFRINGEMENT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff CHRISTOPHER SADOWSKI., for his Complaint against

INTERNET SOLUTIONS OF NEVADA INC. d/b/a flyertalk.com, and DOES 1

through 10, inclusive, Defendants, alleges as follows:

### INTRODUCTION

1.    CHRISTOPHER SADOWSKI (hereinafter "Plaintiff"), by counsel,

brings this action against Internet Solutions of Nevada, Inc. and DOES 1 through

10 inclusive, (hereinafter "Defendants"), with regard to the unlawful use of a copyrighted photograph owned by Plaintiff.

2.     For the purposes of this Complaint for Damages, unless otherwise indicated, "Defendant" includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogates, representatives and insurers of Defendant(s) named in this caption.

3.     Plaintiff is unaware of the true names and capacities of the Defendants sued herein as DOES 1 through 10, inclusive, and for that reason, sues such Defendants under such fictitious names. Plaintiff is informed and believes and on that basis alleges that such fictitiously named Defendants are responsible in some manner for the occurrences herein alleged, and that Plaintiff's damages as herein alleged were proximately caused by the conduct of said Defendants. Plaintiff will seek to amend the complaint when the names and capacities of such fictitiously named Defendants are ascertained. As alleged herein, "Defendants" shall mean all named Defendants and all fictitiously named Defendants.

**JURISDICTION AND VENUE**

4.     This is a civil action seeking damages and injunctive relief for copyright infringement under the Copyright Act of the United States, 17 U.S.C. § 101, whereby the Defendants violated Plaintiff's exclusive rights as copyright owner pursuant to 17 U.S.C. § 106.

5.      This Court has subject matter jurisdiction over Plaintiff's claims for copyright infringement pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1338(a).

6.      This Court has personal jurisdiction over Defendants because Defendant Internet Solutions of Nevada, Inc. is a corporation with its principal place of business within the State of Nevada. Alternatively, this Court has personal jurisdiction because Defendants' acts of infringement complained of herein occurred in the State of Nevada, and Defendants caused injury to Plaintiff within the State of Nevada.

7.      Venue is proper pursuant to 28 U.S.C. § 1391(b) because the Defendant Internet Solutions of Nevada, Inc.'s principal place of business lies within this judicial district and a substantial part of the events giving rise to Plaintiff's claim occurred in this judicial district. Alternatively, venue is also proper pursuant to 28 U.S.C. § 1400(b) because the Defendants committed the acts of infringement, and have a regular and established place of business in this judicial district.

## PARTIES

8.      Plaintiff Christopher Sadowski resides in the City of Hawthorne in the State of New Jersey and is a professional photographer by trade.

9.      Plaintiff is the sole author and exclusive rights holder to an original image of a homeless person (the "Image") pursuant to 17 U.S.C. §§ 101 and 106.

3

10.    Plaintiff is informed and believes, and thereon alleges, that Defendant, Internet Solutions of Nevada, Inc. is a corporation incorporated under the laws of Nevada, with its principal place of business at 3920 E. Patrick Lane, 2nd Floor, Las Vegas, NV 89120.

## FACTUAL ALLEGATIONS

11.    Plaintiff is a professional photographer by trade. Plaintiff's has licensed or sold his photographs to dozens of major media outlets such as The New York Post, Boston Globe, Boston Herald, Los Angeles Times, Toronto Sun, Newsweek Magazine, People Magazine, the Associated Press, and USA Today.

12.    Plaintiff's livelihood is dependent on receiving compensation for the photographs he produces.

13.    Plaintiff is the sole author of the original Image. A true and correct copy of Plaintiff's original Image is attached hereto as Exhibit A.

14.    By virtue of his sole authorship, Plaintiff has complete ownership rights and copyrights to the Image.

15.    Plaintiff registered the Image with the United States Copyright Office under registration number VA 1-989-742.

16.    Plaintiff licensed his original Image to the New York Post. On or about December 14, 2015, the New York Post ran an article that featured the Image entitled *Homeless squatters are taking over LaGuardia Airport*. See

4

http://nypost.com/2015/12/14/homeless-squatters-are-taking-over-laguardia-airport/.

17.     Plaintiff's name was featured in a photo credit identifying him as the photographer of the Image.

18.     On or about September 29, 2016, Plaintiff discovered that Defendants had used his original Image without permission on their website www.flyertalk.com in connection an article on titled *Homeless Taking Shelter in the Airport*. Attached hereto as Exhibit B is a true and correct copy of Defendants' infringing use of Plaintiff's Image.

19.     In order to facilitate and conceal Defendants' unauthorized use of Plaintiff's Image, Defendants purposefully and intentionally omitted the photo credit identifying Plaintiff as the true author and rights holder of the Image.

20.     Plaintiff has provided notice to Defendant that the Image is subject to copyright and to cease use of the Image.

21.     Plaintiff did not consent to authorize, permit, or allow in any manner the use of the Image by Defendants.

22.     Plaintiff is informed and believes that Defendants used Plaintiff's copyrighted works without his permission and published, communicated, benefited through, posted, publicized and otherwise held out to the public for commercial benefit, the original and unique Image of Plaintiff without Plaintiff's

consent or authority, and acquired monetary gain and market benefit as a result.

23.     Plaintiff is informed and believes that Defendants used the Image on its website until on or about December 27, 2016.

24.     On information and belief, Defendant knew that it did not possess any rights in the Image and that its use of the Image was unauthorized.

25.     On information and belief, Defendant's use of the Image was deliberate and willful.

## FIRST CAUSE OF ACTION

## COPYRIGHT INFRINGEMENT
### Title 17 of the United States Code

26.      Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

27.     Plaintiff did not consent to, authorize, permit, or allow in any manner the said use of Plaintiff's unique and original Image.

28.     Plaintiff is informed and believes and thereon alleges that said Defendants wilfully infringed upon Plaintiff's copyrighted works in violation of Title 17 of the U.S. Code, in that it published, communicated, benefited through, posted, publicized, and otherwise held out to the public for commercial benefit, the original and unique Image of the Plaintiff without Plaintiff's consent or authority and acquired monetary gain and market benefit as a result.

29.     As a result of each and every one of Defendants' violations of Title

17 of the U.S. Code, Plaintiff is entitled to actual damages and profits pursuant to 17 U.S.C. §504(b), or statutory damages in an amount up to $150,000.00 for each infringement pursuant to 17 U.S.C. § 504(c).

30.     As a result of the Defendant's violations of Title 17 of the U.S. code, the court in its discretion may allow the recovery of full costs as well as reasonable attorney's fees and costs pursuant to 17 U.S.C § 505 from Defendant.

31.     Plaintiff is also entitled to injunctive relief to prevent or restrain infringement of his copyright pursuant to 17 U.S.C. § 502.

## FIRST CAUSE OF ACTION

## FALSIFICATION, REMOVAL, AND ALTERATION OF COPYRIGHT MANAGEMENT INFORMATION
### 17 U.S.C. § 1202

32.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

33.     On information and belief, Defendants knew that Plaintiff created the Image because, *inter alia*, the source of the Image that Defendants used to produce the infringing web page specifically attributed the Image to Plaintiff.

34.     Defendants intentionally falsified copyright management information related to the Image with the intent to induce, enable, facilitate, or conceal an infringement of Plaintiff's rights under the Copyright Act. Specifically, In order to facilitate and conceal Defendants' unauthorized use of Plaintiff's Image,

Defendants purposefully and intentionally omitted the photo credit identifying Plaintiff as the true author and rights holder of the Image..

35.    Defendants' conduct constitutes a violation of 17 U.S.C. § 1202(a), and 1202(b).

36.    Defendants' falsification, removal and/or alteration of that copyright management information was done without Plaintiff's knowledge or authorization.

37.    Defendants' falsification of said copyright management information was done by Defendants intentionally, knowingly, and with the intent to induce, enable, facilitate, or conceal Defendants' infringement of Plaintiff's copyright in the Image. Defendants also knew, or had reason to know, that such removal and/or alteration of copyright management information would induce, enable, facilitate, or conceal Defendants' infringement of Plaintiff's copyright in the Image.

38.    Plaintiff has sustained significant injury and monetary damages as a result of Defendants' wrongful acts as hereinabove alleged, and as a result of being involuntarily associated with Defendants in an amount to be proven.

39.    In the alternative, Plaintiff may elect to recover statutory damages pursuant to 17 U.S.C. § 1203(c)(3) in a sum of not more than $25,000 from each Defendant for each violation of 17 U.S.C. § 1202.

/ / /

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff prays for judgment against Defendant as follows:

•       For statutory damages against Defendant in an amount up to

$150,000.00 for each infringement pursuant to 17 U.S.C. § 504(c);

•       For statutory damages against Defendant in an amount up to

$25,000.00 for each infringement pursuant to 17 U.S.C. §§ 1202 and 1203;

•       For general and special damages against Defendant according to proof

together with interest thereon at the maximum legal rate;

•       For costs of litigation and reasonable attorney's fees against

Defendant pursuant to 17 U.S.C. § 505;

•       For an injunction preventing Defendant from further infringement of

all copyrighted works of the Plaintiff pursuant to 17 U.S.C. § 502; and

•       For any other relief the Court deems just and proper.


Dated: September 19, 2017                              Respectfully submitted,

                                        /s/ Mathew K. Higbee
                                        Mathew K. Higbee, Esq.
                                        Nevada Bar No. 11158
                                        HIGBEE & ASSOCIATES
                                        1504 Brookhollow Dr., Ste 112
                                        Santa Ana, CA 92705-5418
                                        (714) 617-8325
                                        (714) 597-6729 facsimile
                                        *Counsel for Plaintiff*

## **DEMAND FOR JURY TRIAL**

Plaintiff, Christopher Sadowski, hereby demands a trial by jury in the above matter.

Dated: September 19, 2017                    Respectfully submitted,

                                             /s/ Mathew K. Higbee
                                             Mathew K. Higbee, Esq.
                                             Nevada Bar No. 11158
                                             HIGBEE & ASSOCIATES
                                             1504 Brookhollow Dr., Ste 112
                                             Santa Ana, CA 92705-5418
                                             (714) 617-8325
                                             (714) 597-6729 facsimile
                                             *Counsel for Plaintiff*

# EXHIBIT A



# EXHIBIT B

